UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                    Case No. 15-20876-RBR

VICTOR PADILLA,                                           Chapter 11

        Debtor.
_____/

**EXPEDITED APPLICATION OF DEBTOR FOR ORDER AUTHORIZING EMPLOYMENT OF BAST AMRON LLP AND SUBSTITUTION AS COUNSEL TO THE DEBTOR *NUNC PRO TUNC* TO OCTOBER 13, 2016**

Debtor-in-possession, Victor Padilla (the "Debtor") files this Application for Order Authorizing Employment of Bast Amron LLP as Counsel to the Debtor *Nunc Pro Tunc* to October 13, 2016 (the "Application") through which it requests the entry of an order, pursuant to 11 U.S.C. § 327(a), authorizing the employment of Jeffrey Bast and the law firm of Bast Amron LLP (collectively, "BA"), as counsel to the Debtor, and states:

1.      On June 16, 2015 (the "Petition Date"), the Debtor commenced the instant case upon the filing of a voluntary petition under Chapter 11, title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida.

2.      The Debtor is managing his assets as a debtor in possession pursuant to 11 U.S.C. §§ 107 and 1108.

3.      The Debtor believes that it is in the best interest of the estate to retain BA as general counsel in this case. BA will not appear for the Debtor without approval of its retention by this Court, under Bankruptcy Rules 2014 and 6003. Attached as **Exhibit "A"** is a form Stipulation for Substitution of Counsel for Debtor Victor Padilla, of which a copy is being sent to Debtor's current counsel for execution.

4.      The Debtor believes that the attorneys of BA are qualified to practice in this Court and are qualified to advise the Debtor on its relation with, and responsibilities to, the creditors and other interested parties.

5.      The professional services that BA will render include, but are not limited to, the following:

      a.      To advise the Debtor with respect to its responsibilities in complying with the United States Trustee's Guidelines and Reporting Requirements and with the rules of the Court;

      b.      To prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these cases;

      c.      To protect the interests of the Debtor in all matters pending before the Court; and

      d.      To represent the Debtor in negotiations with his creditors and in the preparation of a plan.

6.      BA has substantial experience in bankruptcy cases before this Court and others, and is well qualified to act as counsel for the Debtor.  To the best of the Debtor's knowledge, except as disclosed in the Affidavit of Jeffrey P. Bast in Support of The Debtor's Application for Order Authorizing Employment of Bast Amron LLP as Counsel for the Debtor (the "Bast Affidavit"), neither Jeffrey Bast ("Bast") nor BA has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Affidavit, to the best knowledge of Bast, neither Bast nor BA represents any interest adverse to the Debtor.

7.      Attached to this Application is the Bast Affidavit containing a verified statement demonstrating that under these circumstances Bast and BA are disinterested as required by § 327(a) of the Bankruptcy Code.

8.      Subject to this Court's approval and the engagement agreement attached as **Exhibit "B."** BA was retained post-petition by the Debtor and received a retainer of $25,000.00 (the "Retainer"), from Padilla Real Estate Consultants, Inc. ("Padilla Real Estate"). Padilla Real Estate is an entity owned entirely by the Debtor's brother, Manuel Padilla. Other than the familial relationship to its owner, the Debtor has advised that he has no ownership, managerial, or other interest in or relationship with Padilla Real Estate. In addition, on September 26, 2016, BA received a $500.00 consultation fee from Padilla & Associates, LLC, which is also an entity owned by the Debtor's brother and of which the Debtor has no ownership, managerial, or other interest.

9.      As the Retainer was received from an entity in which the Debtor has no interest and therefore no portion of the Retainer constitutes Debtor funds, BA seeks authority to draw down on the Retainer as fees and costs are incurred without further authorization from the Court. BA will file periodic notices indicating the remaining balance of the Retainer and will not apply any Debtor funds to services rendered or costs incurred on the Debtor's behalf. For any such services or costs to be paid with Debtor funds, BA will apply for compensation and reimbursement of costs pursuant to §§ 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (i) approving the Debtor's employment of BA as counsel to the Debtor *nunc pro tunc* to October 13, 2016, (ii) terminating Corona Law Firm, P.A. and substituting BA in its place as counsel for the

Debtor; (iii) authorizing BA to draw down on the Retainer as services are rendered and costs are

incurred without further authorization of the Court; and (iv) granting any other relief the Court

deems appropriate.

       Dated: October 18, 2016

                          Respectfully submitted,

                          BAST AMRON LLP
                          *Proposed Counsel for the Debtor*
                          SunTrust International Center
                          One Southeast Third Avenue, Suite 1400
                          Miami, FL 33131
                          Telephone: 305-379-7904
                          Facsimile: 305-379-7905
                          Email: jbast@bastamron.com
                          Email: zlaux@bastamron.com

                          By: _/s/ *Jeffrey P. Bast*_____
                              Jeffrey P. Bast, Esq. (FBN 996343)
                              Zakarij N. Laux, Esq. (FBN 93784)

Case No. 15-20876-RBR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically via the Court's CM/ECF system where available, and/or via U.S. Mail, as indicated upon the parties listed below this 18th day of October, 2016.

/s/ *Jeffrey P. Bast*
Jeffrey P. Bast

## SERVICE LIST

### VIA CM/ECF

- **Ricardo Corona**      bk@coronapa.com, bk1@coronapa.com
- **Melbalynn Fisher**    mfisher@rasflaw.com, bkyecf@rasflaw.com;bky_ecf1@rasflaw.com;RAS@ECF.Courtdrive.com
- **Gerard M Kouri Jr.**    gmkouripaecf@gmail.com, gmkouri@bellsouth.net
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Damaris D Rosich-Schwartz**    Damaris.D.Rosich-Schwartz@usdoj.gov

### VIA U.S. MAIL

**Betsy F. Yegelwel**
2150 SW 13th Ave.
Miami, FL 33145

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DVISION
www.flsb.uscourts.gov

In re:                                                      Case No. 15-20876-RBR

VICTOR PADILLA,                                             Chapter 11

      Debtor.

_____/

**AFFIDAVIT OF JEFFREY P. BAST IN SUPPORT OF THE DEBTOR'S
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
BAST AMRON LLP AS COUNSEL TO THE DEBTOR**

STATE OF <u>   FLORIDA   </u>  )
                          ) ss:
COUNTY OF <u>MIAMI-DADE</u>)

Jeffrey P. Bast, being duly sworn, says:

1.      I am an attorney admitted to practice law in the states of Florida and New York, the United States District Courts for the Southern and Middle Districts of Florida, United States District Court for the Northern District of Texas, the United States Bankruptcy Court for the Southern District of Florida, and the United States Court of Appeals for the Eleventh Circuit, and in the United States Supreme Court.

2.      I am a member of the law firm of BAST AMRON LLP ("BA") with offices located at One Southeast Third Avenue, Suite 1400, Miami, Florida 33131.

3.      I submit this Affidavit in support of the Debtor's Application for Order Authorizing Employment of Bast Amron LLP as Counsel to the Debtor *Nunc Pro Tunc* to October 13, 2016 (the "Application") filed by the debtor-in-possession, Victor Padilla (the "Debtor").

4. On June 16, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

5. On October 13, 2016, the Debtor retained BA as counsel.

6. To the best of my knowledge, information and belief, neither I nor BA has had, or presently has, any connection with the creditors, their respective attorneys and accountants, the United States Trustee, any person employed by the United States Trustee, or any other interested party in this bankruptcy case.

7. Except for the continuing representation of the Debtor, neither I nor BA has represented or will represent any other entity in connection with this bankruptcy case.

8. Accordingly, both BA and I are "disinterested persons" as that term is defined under 11 U.S.C. § 101(14) and as required for retention as counsel by 11 U.S.C. § 327.

9. Jeffrey Bast's current standard rate is $510 per hour. It is BA's policy, in all areas of practice, to charge its clients for all additional expenses incurred in connection with a client's case. BA will charge for such expenses in a manner and at rates consistent with charges made generally to BA's other clients.

10. BA was retained post-petition by the Debtor and received a retainer of $25,000.00 from Padilla Real Estate Consultants, Inc. ("Padilla Real Estate"). Padilla Real Estate is an entity owned entirely by the Debtor's brother, Manuel Padilla. Other than the familial relationship to its owner, the Debtor has advised that he has no ownership, managerial, or other interest in, or relationship with, Padilla Real Estate. In addition, on September 26, 2016, BA received a $500.00 consultation fee from Padilla & Associates, LLC, which is also an entity owned by the Debtor's brother and with which the Debtor has no ownership, managerial, or other interest or relationship.

11.    If BA discovers any information that is contrary to or pertinent to the statements made herein, BA will promptly disclose such information to the Court by filing and serving a supplemental affidavit on the United States Trustee, counsel to the Creditors and all parties who have filed a notice of appearance in these cases.

Executed in Miami, Florida this ___18th___ day of October, 2016.

_____
Jeffrey P. Bast, Esq.
BAST AMRON LLP
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, FL 33131
Telephone: (305) 379.7904
Facsimile: (305) 379.7905
Email: jbast@bastamron.com

The foregoing instrument was sworn to and subscribed before me this ___18th___ day of October, 2016, by Jeffrey P. Bast, who is personally known to me and did not take an oath.

_____
NOTARY PUBLIC STATE OF FLORIDA
My commission expires:

Jorge L. Miranda, Jr.
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG029334
Expires 10/3/2020

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 15-20876-RBR

VICTOR PADILLA,                                           Chapter 11

       Debtor.

_____/

## STIPULATION FOR SUBSTITUTION OF
## COUNSEL FOR DEBTOR VICTOR PADILLA

Debtor, Victor Padilla (the "Debtor"), hereby moves to substitute his counsel of record,

substituting the law firm of Bast Amron LLP as counsel of record for the Debtor in this action, and

relieving Ricardo R. Corona, Esq. and the Corona Law Firm, P.A., located at 3899 NW 7th St.,

Miami, FL 33126, of any further responsibility herein, subject to the Court's approval of the

retention of Bast Amron LLP as counsel. The Debtor consents to the substitution of counsel.

**BAST AMRON LLP**
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, FL 33131
Telephone: 305-379-7904
Facsimile: 305-379-7905
Email: jbast@bastamron.com
Email: zlaux@bastamron.com

By: _/s/_____
    Jeffrey P. Bast, Esq. (FBN 996343)
    Zakarij N. Laux, Esq. (FBN 93784)

**CORONA LAW FIRM, P.A.**
3899 NW 7th St.
Miami, FL 33126
Tel.: (305) 266-1150
Fax: (888) 554-5607
Email: bk@coronapa.com.com

By:__/s/_____
    Ricardo R. Corona, Esq. (FBN 111333)

# Exhibit "B"

# BAST

**October 5, 2016**

**PRIVILEGED AND CONFIDENTIAL**
**ATTORNEY-CLIENT COMMUNICATION**

**VIA E-MAIL**

Victor Padilla
2681 N. Flamingo Rd., Apt. SO902
Sunrise, FL 33323
Email: vhpadilla@yahoo.com

        Re:      Engagement of Counsel

Dear Mr. Padilla:

BAST AMRON LLP ("BA") thanks you for the opportunity to advise you (the "Client") in connection with your pending chapter 11 case styled: *In re: Victor Padilla*, Case No. 15-20876-RBR, pending before the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Case"). This letter, and the accompanying BA Standard Terms of Engagement, will establish the terms of our representation. If we have failed to cover any issues about which you have questions, please let me know. Good communication is critical to the success of our relationship and we want you to be happy with our services.

You have engaged BA to represent the Client. If you want us to represent any other persons or entities, please advise us and we will consider whether we can undertake that additional representation.

We will represent the Client in connection with the Case. If this does not accurately reflect your understanding about the scope of the legal services we will provide, please let me know. We will perform all services normally and reasonably associated with this type of engagement that are consistent with our ethical and professional obligations. As we proceed with this representation, if you request that we expand the scope of this engagement, this engagement agreement will apply to that work as well.

The Client understands and agrees that BA shall have full decision-making authority over the procedural aspects of the case and that BA reserves the absolute right to withdraw from the representation of the Client in the event that BA determines, in its sole discretion, that the Client has made any type of false disclosure or non-disclosure to BA or the court in the Case, or has failed to comply with the terms of this Engagement Letter, the directives of the court in the Case and/or failed to pay according to the terms of this Engagement Letter.

00407502.DOCX.3

*Victor Padilla*
*October 5, 2016*
*Page 2*

It is understood by the Client that all creditors must be listed in the Bankruptcy Schedules so that notice can be given to all parties and creditors, including entities holding any potential or contingent debts, lawsuits, guarantees, obligations arising out of IRS 940 and 941 taxes, sales taxes and other unliquidated or disputed obligations. Client also understands that they must identify in the Bankruptcy Schedules any and all assets, no matter the value, including assets for which debts are owed or in which the Debtor shares an interest with another entity and claims or causes of action for losses you have yet to assert. The various chapters and options under bankruptcy have been explained to Client, who has chosen to file a chapter 11 proceeding prior to retaining BA.

The Client understands that the filing of any bankruptcy case carries risk. We have advised you and you understand and agree that we will be representing you in connection with the Case without conducting any of the due diligence we ordinarily will complete prior to filing a chapter 11 case. As a result, you have a substantial risk that the Client's assets as well as assets the Client may have previously transferred may be subject to recovery, and you may be subject to the appointment of a chapter 11 Trustee or liquidation by a chapter 7 trustee in the event the case is converted to a case under chapter 7. You also understand that if you are not completely candid and truthful in your disclosures and bankruptcy filings, you will be at risk of losing control of your assets and possibly face sanctions and even criminal charges. As a result, you agree that you will be completely truthful and candid with this firm, the U.S. Trustee and the court in all matters related to your case. In sum, you understand and agree that you are continuing with this Chapter 11 case with a full understanding of the potential risks and benefits. Understanding these circumstances, you have nevertheless advised us that you wish to retain our services in furtherance of your pending chapter 11 at this time.

I will coordinate the legal services for this representation. My current hourly rate is $510. I may, however, call upon other attorneys, employees and paralegals whom I believe have the ability to serve you as efficiently and effectively as possible. The rates of our other attorneys and paralegals range from $125 to $510. Please be aware that our rates may change from time to time to reflect increased expertise, seniority and promotions, and to reflect changes in economic conditions. Seniority adjustments occur annually, each January 1, and other rate increases may also take effect at that time.

It is important to us that you are satisfied with our services. Please let me know promptly if you believe that we should staff the work differently or if you have any suggestions about how we can better serve you.

We are committed to providing you with efficient, effective legal services. In return, you agree to pay us timely for our services and to reimburse us for reasonable expenses in connection with the representation, regardless of the outcome. We will bill you for fees and expenses on a monthly basis. Our statements will be due and payable upon receipt. Please see the attached BAST AMRON LLP. Standard Terms of Engagement for additional terms applicable to our bills and your payment obligations.

00407592 DOCX 3

*Victor Padilla*
*October 5, 2016*
*Page 3*

We are a law firm with many clients.  To protect our ability to represent you and opportunities to represent other clients, we try to anticipate future conflicts and assess their impact, if any.  Where a potential future conflict can be anticipated, disclosed and waived by our clients under the applicable ethics rules, we may ask our clients for consent to represent them upon being informed of the potential conflict.

In addition to our fees, we will bill for expenses incurred in connection with the representation.  Such expenses may include long distance telephone calls, photocopying charges, travel expenses, couriers, filing fees, costs of subpoenas and depositions, and other costs that we may be required to advance on your behalf.  We do not intend to make any profit on such expenses and will endeavor to pass on the actual costs of these expenditures.  As a rule, we will ask you to advance amounts to pay for large expenses or pay them directly as they are incurred.

Unless you tell us otherwise, we will send you by email all correspondence and statements for services related to this representation.  We will depend on you to let us know if you are not receiving information or responses in a timely manner.  We understand unless advised otherwise that we may communicate with the Client concerning this matter by phone, fax, cell phone, e-mail, or letter.

If the terms of this letter are satisfactory, please sign a copy in the space provided, and return it to me **with an initial fee deposit in the amount of $25,000 provided by a third party.** By signing below, the Client confirms that the fee deposit shall be paid from funds which are not property of the Client's bankruptcy estate and not funds owed to the Client and that the source of the funds will be disclosed to us and the Bankruptcy Court.  Subject to approval of the Bankruptcy Court, this deposit will be applied to your initial invoice(s) and we will bill you on a monthly basis for all additional fees and expenses, which will be paid by you in a timely manner, subject only to court approval. *BA's obligation to begin representation on the Client's behalf will not begin unless and until we receive (1) an executed copy of this engagement letter (2) the non-refundable fee amount along with full disclosure of the source of the funds consistent with the above restrictions and (3) an order from the Bankruptcy Court approving the fee deposit and our retention as counsel in the Case.*

If you have any questions, please feel free to contact me.  We appreciate the opportunity to represent you.

Sincerely,

Jeffrey P. Bast

00407502.DOCX.3

*Victor Padilla*
*October 5, 2016*
*Page 4*

## STATEMENT TO BE SIGNED BY CLIENTS

I have read this letter and the accompanying BAST AMRON LLP Standard Terms of Engagement. I understand their content, and hereby engage BA in accordance with their terms and conditions.

Agreed:

_____

By: Victor Padilla

Date: _____ 10/10/2016 _____

Enclosure

**BAST AMRON LLP "Standard Terms of Engagement"**

00407302.DOCX 3

Victor Padilla
October 5, 2016
Page 5

**BAST AMRON LLP**
**STANDARD TERMS OF ENGAGEMENT**

**FEES**.  Unless we agree in the engagement letter to alternate fee arrangements, we will bill for our services at the firm's applicable hourly rates in effect at the time we render the services.  Those rates are based on the fair value for the services we render after taking into consideration many factors, including but not limited to: the complexity or novelty of the work performed; the seniority and experience of the lawyers, paralegals or law clerks performing the work; the time period within which the work is required to be completed; the likelihood that the engagement will preclude our acceptance of other employment; the number of hours required to perform the work; the nature and length of our professional relationship with the clients; the results obtained; and the fees charged for similar services in the relevant geographic or subject matter market. We have established our hourly rates using the foregoing factors and we adjust those base rates periodically, in light of these factors as well as cost of living and market considerations.

**STATEMENTS**.  We do our best to render monthly statements for fees, expenses and charges. We normally render separate invoices for each legal matter we handle. The clients also will receive a monthly statement that shows any past due invoice, by number and date, for each of the client's matters.

**BILLING AND PAYMENT**.  We record time in 6-minute (.1 hour) increments unless other arrangements are made.  Our statements will be based on time recorded in those increments.

The client agrees to pay statements within 15 days. Failure to pay statements promptly may result in temporary or permanent cessation of service. Payment of statements should be made in U.S. dollars or other agreed upon foreign currency, by wire transfer or in checks or drafts payable to BAST AMRON LLP. Please note the date and identification number of the statement being paid, and return the remittance copy of our statement with your payment.

If our invoices are not paid within 30 days of the invoice date the clients agrees to pay an interest charge on outstanding balances at an interest rate of one and one-half percent (1.5%) per month, or the maximum interest rate allowed by law, whichever is less, from the date due until paid. The client agrees to pay such interest on the outstanding balance in addition to the balance of fees and expenses due.

In the event the client fails to pay when due all amounts owed us, we will have the right to retain settlement proceeds received on behalf of client and/or recover the outstanding balance of fees and expenses and interest, as provided above, and all attorneys' fees incurred to collect these amounts. Such attorneys' fees will include payment for the time and expenses of any firm lawyers or paralegals incurred in collection effort as well as fees and expenses of any outside counsel hired to collect the amounts due.

00407502 DOCX 3

Victor Padilla
October 5, 2016
Page 6

**RESPONSES TO AUDITORS' INQUIRIES**. We are frequently asked to provide information to auditing firms regarding legal matters of our clients. We respond to those inquiries with the same level of care and professionalism that we use to handle the client's other legal work and will charge for these services at the same rates. When an auditing firm requests information on the client's behalf, that request will be deemed to be the clients' consent for us to disclose that information to that firm.

**DISBURSEMENTS AND CHARGES**. In addition to payment of our fees, the client agrees to pay expenses incurred by us in connection with the representation. Such expenses may include long distance telephone calls, photocopying charges, travel expenses, couriers, filing fees, costs of subpoenas and depositions, and other costs and expenses advanced on our client's behalf. We do not intend to make any profit on such expenses and we will pass them on to you based as closely on our costs as possible. We may, however, receive certain benefits from having incurred certain costs, such as benefits accorded in connection with travel expenditures (i.e., frequent flyer points). Those benefits will be retained by the firm or the individual to whom they were awarded without credit to the clients.

We may also ask you to advance payment for large expenses or to pay them directly.

**TRAVEL**. We generally record the time spent traveling while performing work in furtherance of the client's engagement.

**TERMS OF ENGAGEMENT**. The client or BAST AMRON LLP may terminate the representation for any reason by written notice, subject on our part to applicable rules of professional conduct. In the event we terminate the engagement, we will take such steps as are reasonably practicable to protect the client's interests in this matter and, if the clients so request, we will provide successor counsel with material the client has provided us.

Upon the termination of our engagement, the client will pay within 30 days for all services rendered and disbursements and other charges paid or incurred in connection with our engagement. If the clients terminate our engagement or if BAST AMRON LLP terminates the engagement in accordance with the following paragraph, the clients will also pay our fees and expenses in connection with any transition of the client's work to successor counsel.

If the clients fails to honor the terms of the engagement, to cooperate, or to follow our advice on a material matter that would or could, in our view, render our continued representation unlawful or unethical, BAST AMRON LLP may withdraw from the representation. If we elect to withdraw, the client will take all steps necessary to free us of any obligation to perform further services, including the execution of any documents or pleadings necessary to complete our withdrawal.

00407502.DOCX 3

*Victor Padilla*
*October 5, 2016*
*Page 7*

Unless previously terminated or other arrangements are made, BAST AMRON LLP's representation will terminate upon our sending the client our final statement for services rendered. Unless we agree otherwise, we will have no continuing obligation to advise the client with respect to future legal developments once this matter concludes.

**RECORD RETENTION**. We will maintain necessary documents relating to this matter in our clients files. If we receive no guidance from the client, we will employ the following procedure when a matter concludes:

    1. Upon expiration of our normal retention period for this kind of matter, we will notify the client by mail at the client's last known address that the retention period has run, and seek the client's guidance on disposition of the file.

    2. If we receive a response from the client within 2 months, we will follow the client's instructions for disposition of the file. If those instructions require substantial handling of the file, or continued retention of it, we will charge our normal fees for such procedures.

    3. If we do not receive a response from the client within 2 months, the file will be destroyed pursuant to our normal procedure.

At the conclusion of a matter, it is the client's obligation to tell us which, if any, documents in our files that it wishes to receive. Electronic records relating to this matter will be made available to the client, if requested, and to the extent they are still easily accessible.

00407302 DOCX 3

